# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARCELL D. DEAN,

    Plaintiff,

v.                                                                                               No. CV 12-0093 JH/ACT

HOBBS POLICE DEPARTMENT
LEA CO., N.M. 88240,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. The complaint was filed in the United States District Court for the Northern District of Texas. The Texas court, without serving the Defendants, transferred the case to this Court. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, the Court will dismiss Plaintiff's complaint.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff originally filed his complaint on February 28, 2011, in the Northern District of Texas. On March 14, 2011, he filed a letter-motion in the Texas case stating that he was "awaiting a file number" from this Court and asking for a stay of the Texas proceedings. On March 15, 2011, Plaintiff filed a substantively identical complaint in this Court. *See Dean v. Hobbs Police Dept., et al.*, No. CV 11-0231 BB/GBW. On April 20, 2011, this Court *sua sponte* entered an order and judgment (Docs. 7, 8) dismissing Plaintiff's complaint as barred by the statute of limitations. On January 30, 2012, the Texas court transferred the original complaint to this Court on venue grounds.

The events giving rise to both of Plaintiff's complaints occurred in 1993 at a family gathering in Hobbs, New Mexico. This Court has already dismissed the claims in these complaints as barred by the applicable statute of limitations. The current complaint is thus barred by the doctrine of law of the case. "The law of the case doctrine is a restriction self-imposed by the courts in the interests of judicial efficiency . . . . by preventing continued re-argument of issues already decided." *Gage v. Gen. Motors Corp.*, 796 F.2d 345, 349 (10th Cir. 1986); *and see Kennedy v. Lubar*, 273 F.3d 1293, 1299 (10th Cir. 2001) ("the law of the case doctrine is 'discretionary, not mandatory,' and . . . the rule ' "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit on their power." ' ") (citations omitted). Furthermore, "[d]istrict courts have discretion to control their dockets by dismissing duplicative cases." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . though no precise rule has

evolved, the general principle is to avoid duplicative litigation.")).  Under the Court's discretionary authority described in the above cases, the Court will dismiss this duplicative complaint.

    IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice; and judgment will be entered.

                                      */s/ Judith C. Herrera*
                                      UNITED STATES DISTRICT JUDGE